IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **RUSSELL JOSEPH STAUFFER,** | ) | |
| Petitioner, | ) | Civil Action No. 13-155 Erie |
| | ) | |
| v. | ) | **District Judge Nora Barry Fischer** |
| | ) | **Magistrate Judge Susan Paradise Baxter** |
| **BRIAN COLEMAN,** | ) | |
| Respondent. | ) | |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

**I.     RECOMMENDATION**

State prisoner Russell Joseph Stauffer has filed a petition for a writ of habeas corpus. [ECF No. 1]. The petition is second or successive and Stauffer has not received from the U.S. Court of Appeals for the Third Circuit an order authorizing this Court to consider it, as required by 28 U.S.C. § 2244(b)(3)(A). Accordingly, it is respectfully recommended that the petition be summarily dismissed for lack of jurisdiction and that a certificate of appealability be denied. See 28 U.S.C. § 2243; Rule 4 of the Rules Governing Section 2254 Cases In the U.S. District Courts.

**II.    REPORT**

    **A.    Background**

In a case before the Court of Common Pleas of Erie County at Criminal Docket No. CP-25-CR-2029-1993, a jury found Stauffer guilty of first degree murder. He was age 32 at the time he committed the crime. Commonwealth v. Stauffer, No. 2021 WDA 2012, slip op. at 7 n.6 (Pa.Super. June 3, 2013) ("Appellant concedes that he was thirty-two years old at the time of the murder.") (attached as Ex. 1). In September of 1994, the trial court imposed the mandatory sentence of life imprisonment. The Superior Court of Pennsylvania affirmed his judgment of sentence and the Supreme Court of Pennsylvania denied

1

a petition for allowance of appeal. Id. at 1-2 (citing Commonwealth v. Stauffer, 687 A.2d 861 (Pa.Super. 1996) (unpublished memorandum), appeal denied, 698 A.2d 66 (Pa. 1997)).

On October 24, 2000, Stauffer, through his attorney Stanton D. Levenson, Esq., filed with this Court a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 in which he challenged his September 1994 judgment of sentence.[1] That case was docketed as Stauffer v. Brennan, 1:00-cv-308 (W.D. Pa.) and assigned to Judge Sean J. McLaughlin, who referred it to Magistrate Judge Francis X. Caiazza. On April 21, 2003, Magistrate Judge Caiazza issued a Report and Recommendation in which he recommended that the petition be denied on the merits.[2] On June 9, 2003, Judge McLaughlin issued a Memorandum in which he adopted the Report and Recommendation as the Opinion of the Court, denied the petition, and a certificate of appealability.[3] The Third Circuit Court subsequently denied a request for a certificate of appealability that Stauffer had filed with it at Appellate Docket No. 03-2930. The U.S. Supreme Court denied a petition for a writ of certiorari on October 12, 2004.

On June 25, 2012, the U.S. Supreme Court decided Miller v. Alabama, — U.S. — , 132 S.Ct. 2455 (2012). It held that a mandatory sentence of life without the possibility of parole for a juvenile convicted of homicide violates the Eighth Amendment's prohibition of cruel and unusual punishment by failing to allow individualized sentencing that takes into account the youth of the offender and the nature of the crime. Since the issuance of Miller, numerous Pennsylvania prisoners have filed post-conviction motions in state court seeking relief under the holding in that case. In order to avoid any potential problem regarding the expiration of AEDPA's limitations period, they also have filed "protective"

---

[1] That petition is attached as Ex. 2.
[2] Magistrate Judge Caiazza's Report and Recommendation is attached as Ex. 3.
[3] Judge McLaughlin's Memorandum Order is attached as Ex. 4.

2

petitions for a writ of habeas corpus in federal court and have asked the federal court to stay the federal case pending the outcome of the state court proceeding.

Stauffer is one of those state prisoners who filed a state post-conviction motion claiming that he is entitled to relief under Miller. The state court docket sheets for his state case, which are available for review online at http://ujsportal.pacourts.us, establish that on September 25, 2012, the Court of Common Pleas denied his post-conviction motion as untimely. Stauffer filed a pro se appeal to the Superior Court. On June 3, 2013, the Superior Court issued a Memorandum in which it affirmed the Common Pleas Court's decision. Because he was age 32 when he committed the murder, the Superior Court rejected his contention that Miller applied to his case. Stauffer, No. 2021 WDA 2012, slip op. at 2-7. Stauffer has filed a petition for allowance of appeal with the Supreme Court of Pennsylvania. That petition was pending before that court at Docket No. 309 WAL 2013 at the time of the issuance of this Report and Recommendation.

In the petition for a writ of habeas corpus [ECF No. 1] that Stauffer has filed with this Court, he raises an equal protection claim based on the holding in Miller. He also has filed a motion in which he requests that this Court stay this case while he completes exhaustion of his state court remedies. [ECF No. 3]. Because it is recommended that this case be dismissed for lack of jurisdiction for the reasons set forth below, that motion will be denied by a separate order.

### B. Discussion

As amended by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), 28 U.S.C. § 2244(b) mandates that before a state prisoner may file a second or successive habeas corpus petition in which he challenges a judgment of sentence that he previously challenged in a federal habeas action, he must first obtain an order from the court of appeals authorizing the district court to consider

3

the petition. 28 U.S.C. § 2244(b)(3)(A). See, e.g., Magwood v. Patterson, — U.S. —, 130 S.Ct. 2788 (2010). Once the prisoner moves for authorization to file a second or successive petition, a three-judge panel of the court of appeals must decide within thirty days whether there is a prima facie showing that the application satisfies § 2244's substantive requirements, which are set forth in § 2244(b)(2). See U.S.C. § 2244(b)(3)(C). AEDPA's allocation of "gatekeeping" responsibilities to the courts of appeals has divested district courts of jurisdiction over habeas petitions that are second or successive filings. See, e.g., Burton v. Stewart, 549 U.S. 147 (2007).

Because in the instant habeas petition Stauffer is once again challenging his September 1994 judgment of sentence, it is subject to the authorization requirements set out at 28 U.S.C. § 2244(b). He has not received from the Third Circuit Court of Appeals permission to file a second or successive petition. Therefore, this Court lacks jurisdiction over the petition. Burton, 549 U.S. at 152-54. It is the practice of this Court to dismiss second or successive petitions, but we will transfer a case if it would promote the interests of justice. A leading federal habeas treatise explains:

> The statute provides that the district court shall *dismiss* a second or successive petition that has not been authorized by the circuit court. 28 U.S.C.A. § 2244(b)(1), (4); Norris v. Konteh, 67 F. Supp. 2d 833, 839 n.7 (N.D. Ohio 1999) ("It appears also that transfer of the instant petition pursuant to 28 U.S.C.A. § 1631 would not be in the interest of justice in this case because such transfer would be contrary to 28 U.S.C.A. § 2244(b)(4)"); accord Jackson v. Mitchem, 998 F. Supp. 1375, 1376 (M.D. Ala. 1998) (dismissal rather than transfer was the appropriate way of handling second or successive petition filed in the district court without court of appeals authorization).
>
> Notwithstanding the "dismissal" language in § 2244(b), federal circuit courts have ruled that if the prisoner erroneously files his motion for leave to file a second or successive petition in the district court instead of the federal circuit court (or if the prisoner improperly files a second or successive petition in the district court without first having obtained authorization by the federal circuit), the district court has the option of transferring the motion or petition to the court of appeals. The Second and Sixth Circuits mandate transfer. In re Sims, 111 F.3d 45, 47, 1997 FED App. 0129P (6th Cir. 1997); Liriano v. U.S., 95 F.3d 119, 122 (2d Cir. 1996), as amended, (Oct. 7, 1996). The First, Third, Fourth, Eighth and Tenth Circuits permit, but do not mandate, transfer. In re Cline, 531 F.3d 1249, 1252 (10th Cir. 2008); Jones v. Braxton, 392 F.3d 683, 691, 60 Fed. R.

4

> Serv. 3d 369 (4th Cir. 2004); Robinson v. Johnson, 313 F.3d 128, 139, 54 Fed. R. Serv. 3d 235 (3d Cir. 2002); Boyd v. U.S., 304 F.3d 813, 814 (8th Cir. 2002) (per curiam); U.S. v. Barrett, 178 F.3d 34, 41 n.1 (1st Cir. 1999). In Cline, the Tenth Circuit stated that a transfer is appropriate if it would be in the interests of justice. Factors district courts should consider in deciding whether to transfer an unauthorized successive claim include "whether the claims would be time barred if filed anew in the proper forum, whether the claims alleged are likely to have merit, and whether the claims were filed in good faith or if, on the other hand, it was clear at the time of filing that the court lacked the requisite jurisdiction." 531 F.3d at 1252.

Brian Means, Federal Habeas Manual § 11:81 (2013) (emphasis in original), available at Westlaw FEDHABMAN.

In this case, the better course is to summarily dismiss. There is no basis to conclude that the interests of justice would be promoted by transferring this case to the Third Circuit Court, particularly since Stauffer was age 32 when he committed his crime and, therefore, the holding in Miller does not apply to his case.

### C. Certificate of Appealability

Section 102 of AEDPA, which is codified at 28 U.S.C. § 2253, governs the issuance of a certificate of appealability for appellate review of a district court's disposition of a habeas petition. It provides that "[a] certificate of appealability may issue...only if the applicant has made a substantial showing of the denial of a constitutional right." In Slack v. McDaniel, 529 U.S. 473, 484 (2000), the Supreme Court stated that "[w]hen the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a [certificate of appealability] should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Applying this standard here,

jurists of reason would not find it debatable whether the instant petition is second or successive and should be summarily dismissed. Accordingly, a certificate of appealability should be denied.

### III. CONCLUSION

For the foregoing reasons, it is respectfully recommended that the petition for a writ of habeas corpus be summarily dismissed and that a certificate of appealability be denied.

Pursuant to the Magistrate Judges Act, 28 U.S.C. § 636(b)(1)(B) and (C), and Rule 72.D.2 of the Local Civil Rules, Stauffer is allowed to file objections in accordance with the schedule established in the docket entry reflecting the filing of this Report and Recommendation. Failure to do so will waive the right to appeal. Brightwell v. Lehman, 637 F.3d 187, 193 n.7 (3d Cir. 2011).


Dated: September 24, 2013 　　　　　　　/s/ Susan Paradise Baxter
　　　　　　　　　　　　　　　　　　　　SUSAN PARADISE BAXTER
　　　　　　　　　　　　　　　　　　　　United States Magistrate Judge

cc:　　Nora Barry Fischer
　　　　U.S. District Court Judge